SAMUEL THAYER *vs.* DARIUS PAYNE & another.

The owner of adjoining lots of land, from one of which a drain was constructed through the other, sold and conveyed the former by a deed in which the *habendum* was: "To have and to hold the aforegranted premises, with the privileges and appurtenances thereto belonging at the time of the purchase thereof by the said T. and F.:" at which time the drain had not been constructed: In an action of trespass by the grantor against the grantee, for entering upon the land of the plaintiff, for the purpose of making necessary repairs upon the drain, it was held, that as the *habendum* contained no negative or other terms restricting the legal effect of the grant, the deed conveyed whatever was necessary to the beneficial enjoyment of the estate granted, which it was in the power of the grantor to con vey; and, as the plaintiff then owned the land through which the drain passed, and had power to convey the right to use the same, such right passed by the deed, if it was necessary to the beneficial enjoyment of the estate granted.

THE plaintiff and defendant were the owners and occupants of adjoining lots of land, with the buildings thereon, in Randolph. A drain, for the use of the dwelling-house on the defendant's land, was constructed from the same, through the plaintiff's land, to a convenient outlet. The drain being out of repair, the defendant entered upon the plaintiff's land, and opened the drain for a short distance, and made such repairs upon it as were necessary. The plaintiff thereupon brought the present action, which was trespass, against the defendant, for such entry and repair of the drain.

The plaintiff acquired his title to the lot occupied by him by mesne conveyances from Isaac Washburn, who conveyed

the same to Bradford L. Wales, July 1st, 1833, who conveyed to Jonathan Wales, September 1st, 1836, by whom the lot was conveyed to the plaintiff, December 18th, 1838.

The defendant became the owner of the lot occupied by him by a deed from the plaintiff, dated April 6th, 1843, made in pursuance of a bond therefor, bearing date May 30th, 1835. The plaintiff obtained his title to the same by a deed from Ephraim Wales to him and one French, dated November 14th, 1834.

On the trial, before *Mellen*, J., in the court of common pleas, many other facts were in evidence; which, with the instructions of the presiding judge to the jury, are sufficiently stated in the opinion of the court.

*J. J. Clarke* and *A. Prescott*, for the plaintiff.

*N. F. Safford* and *N. C. Berry*, for the defendants.

FLETCHER, J. This is an action of trespass, for breaking and entering the plaintiff's close, situated in Randolph. The defence is, that the defendant entered the *locus in quo* and opened a drain leading from his cellar through the plaintiff's close, as he lawfully might do. The *locus in quo* was conveyed to the plaintiff by Jonathan Wales, by a deed dated December 18th, 1838. The premises owned by the defendant, from which the drain leads, were conveyed to the plaintiff and Jacob W. French by Ephraim Wales, by a deed dated November 14th, 1834. At the time of this conveyance to the plaintiff and French of the premises now owned by the defendant, there was no drain leading from the house of the defendant through the *locus in quo* owned by the plaintiff. The drain was built after this conveyance ; but at what particular time does not appear by the exceptions.

On the 30th of April, 1835, the plaintiff gave a bond to the defendant, with condition to convey to him the premises now owned by him, upon the payment of a specified sum of money at certain times as stipulated in the condition of the bond. The *locus in quo*, in which the trespass is alleged to have been committed, was conveyed to the plaintiff by Jonathan Wales, by a deed dated December 18th, 1838, some

years subsequent to the time when the plaintiff gave his bond to the defendant, to convey to him the premises now owned by the defendant, and from which the drain leads.

The defendant having paid the money according to the condition of the bond made by the plaintiff to the defendant, the plaintiff, by a deed dated April 5th, 1843, conveyed to the defendant the premises mentioned in the bond, and from which the drain leads through the *locus in quo* owned by the plaintiff. There is no doubt that the drain existed at the time of the making of this deed. In this last mentioned deed of the plaintiff to the defendant, the *habendum* is as follows: " To have and to hold the aforegranted premises, with the privileges and appurtenances thereto belonging at the time of the purchase thereof by the said Thayer and French."

On the part of the plaintiff, it was maintained, that this clause in the deed expressly restricted the grant to such privileges and appurtenances as existed at the time of the purchase by the plaintiff and French, and the drain not existing at that time, it could not be conveyed by the deed as appurtenant to the land granted. On the part of the defendant, it was maintained, that the drain from the defendant's cellar was necessary to the enjoyment of his estate, and that he had a right by grant and by necessity to the use of such drain, and that he had a right to enter upon the plaintiff's premises for the purpose of repairing the drain there situated, and that he entered as he lawfully might do for that purpose, doing no unnecessary damage. Evidence was introduced by the defendant, tending to show the necessity of a drain from the defendant's cellar.

The judge, who presided at the trial in the court below, instructed the jury as follows : " That in order to raise the presumption of a grant to dig and maintain this drain through the plaintiff's land in the manner claimed by the defendant, the drain in the place where the same was dug and repaired must be so necessary to the enjoyment of the estate owned by the defendant, that it could not be reasonably presumed

28 *

that the defendant would have purchased the said estate without at the same time purchasing the easement claimed in this case; that if they found the drain in question so necessary to the enjoyment of the estate of the defendant, they might presume a grant to the defendant of the easement claimed by him in this action; and if they found that the drain was necessary in the degree above mentioned, that the construction of the drain in the place where it was originally dug, by consent of the owners of the estates, might be regarded by them as a practical construction by the owners, that this was the most suitable place for the maintenance of such drain." To this ruling the plaintiff excepted, and the case comes before this court on the exceptions.

It does not appear to this court, that it was correct to submit the case to the jury, with the instruction, that they might presume a grant to the defendant of the easement claimed by him. The true question to be settled was, whether or not the deed made by the plaintiff to the defendant, April 5th, 1843, conveying the house and land now owned by the defendant, conveyed also the right to the drain through the premises of the plaintiff. If that deed conveyed this easement, then the defendant has a right to it; but the case discloses no ground upon which the defendant can claim this easement, except under and by virtue of that deed. There is surely nothing in the case to warrant a presumption of any other deed than that produced and read on the trial.

The rights of the parties, therefore, in reference to this drain, must depend upon the construction of the deed, from the plaintiff to the defendant, dated April 5th, 1843. The *habendum* of this deed is: " To have and to hold the aforegranted premises, with the privileges and appurtenances thereto belonging at the time of the purchase thereof by the said Thayer and French." For the plaintiff it is maintained, that, by reason of this particular expression, " the privileges and appurtenances belonging to the granted premises at the time of the purchase thereof by said Thayer and French," no other privileges or appurtenances, but such as existed at the par-

Thayer *v.* Payne & another.

ticular time referred to, passed by the deed ; and, therefore, that as the drain did not exist at that time, no right in the drain was conveyed by the deed.

But it must be remarked, that there are no negative terms excluding other privileges and appurtenances than those existing at the particular time referred to, and no terms in any way restricting or limiting the legal effect and operation of the grant of the principal thing. What rights, therefore, the defendant acquired under and by virtue of the conveyance of the house and land to him by metes and bounds, must be determined by the general principles of law, as there is nothing in the deed to prevent or restrict the operation of these general principles.

Now, it is a well settled principle, that privileges and appurtenances properly belonging to a thing granted pass with it, though not particularly named. Therefore, though the *habendum* in the deed to the defendant refers to the privileges and appurtenances existing at the time of the purchase by Thayer and French, yet, whatever privileges and appurtenances properly belonged to the granted premises, at the time of the grant, passed with the premises granted, though not particularly mentioned or described.

It is a rule in the construction of deeds, that the language, being the language of the grantor, is to be construed most strongly against him. It is also a settled principle of construction, that the grant of a particular defined piece or parcel of land carries with it whatever is necessary to the beneficial enjoyment of the thing granted, which it is in the power of the grantor to convey. Upon this principle, the conveyance by the plaintiff to the defendant, of the house and land particularly bounded and described in the deed of April 5, 1843, carried with it whatever was necessary to the beneficial enjoyment of the estate granted, which it was in the power of the plaintiff to convey. At the time of this grant, the plaintiff owned the *locus in quo* through which the drain then passed, and, of course, had the power to convey to the

Thayer *v.* Payne & another.

defendant the right to use the drain; and it follows, therefore, that if the use of the drain was necessary to the beneficial enjoyment of the premises granted, the right to the use of the drain passed by this conveyance. If the defendant had a right to the use of the drain, he has a good justification for the acts complained of, and this action cannot be maintained.

The question, therefore, to be settled, and which is a question for the jury under proper instructions from the court, is, whether or not the use of the drain, through the land of the plaintiff, was necessary for the beneficial enjoyment of the house and land granted by the plaintiff. The settlement of this question will of course involve the inquiry, whether or not a drain could be conveniently made, with reasonable labor and expense, without going through the plaintiff's land. Because, if the defendant can thus furnish his house with a drain, it cannot be necessary to the enjoyment of his estate, that he should have a drain through the land of the plaintiff. Upon another trial, the question, whether or not the defendant has a right to such a drain through the land between his house and the turnpike road mentioned in the deed of the plaintiff, may be raised and presented for the decision of the court, but it is not necessary, and perhaps not advisable or suitable, to consider that question at this time. Upon another trial, the facts in reference to that question may be more fully presented.* *Exceptions sustained.*

* See *Johnson* v. *Jordan,* 2 Met. 234; *Nichols* v. *Luce,* 24 Pick. 102; *Russell* v. *Jackson,* 2 Pick. 574; *Goddard* v. *Dakin,* 10 Met. 94; *Adams* v. *Frothingham,* 3 Mass. 352; *Nicholas* v. *Chamberlain,* Cro. Jac. 121; *New Ipswich Factory* v. *Batchelder,* 3 N. H. 190.